IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NEIL CLEM,     PLAINTIFF
#25946-009

v.     4:21CV00887-DPM-JTK

JOHN STALEY, et al.     DEFENDANTS

## ORDER

Neil Clem ("Plaintiff") is an inmate at the Lonoke County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 against Lonoke County Sheriff John Staley and Lonoke County Detention Center Administrator Kristi Flud. (Doc. No. 2). This Court granted Plaintiff's Motion to Proceed in forma pauperis on October 12, 2021. (Doc. No. 3). The Court will now screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.**     **Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.     Facts and Analysis

Plaintiff sued Defendants in their official capacities only.  (Doc. No. 2 at 4).  Plaintiff alleges unlawful conditions of confinement.  He alleges that inmates are not being given toothpaste, a toothbrush, deodorant, soap, or clean linens.  (Id. at 6).  Plaintiff also claims inmates "are being forced to live . . . with an [inadequate] number of working toilets or sinks."  (Id.)  He claims one toilet has "toxic sludge" in it, and "sewer gas coming out of it."  (Id.)  According to Plaintiff, inmates are forced to inhale the sewer gas, "making [them] sick."  (Id.)

Plaintiff further alleges the meal trays retain water in holes and are never drained; the stagnant water contaminates inmates' food.  (Id. at 7).  Plaintiff claims that as a result of the water contaminating food, two inmates have been sent to the hospital with hepatitis A.  (Doc. No. 2 at 7).

According to Plaintiff, inmate personal and legal mail "is stacking up and not being sorted and passed out."  (Id. at 7).  Plaintiff says that on September 26, 2021, inmates are receiving mail postmarked August 30, 2021.

Lastly, Plaintiff complains that "[t]here is no grievance procedure here at this Jail."  (Id.)  More precisely, Plaintiff says there is no "neutral officer" at the Detention Center to deal with inmate issues, and that any grievance appeals go to the same person who considered the grievance

initially—Defendant Flud.  (Id.)  Plaintiff states that if inmates have a problem, "nobody of power . . . [ever] get[s] the grievance, it never goes over [Defendant Flud's] head."  (Id.)  Plaintiff specified that the "Sheriffs" never receive inmate complaints.  (Id.)

Plaintiff "want[s] a class action law suit"[1] and damages, among other relief.  (Doc. No. 2 at 8).

### A.     Class Action

As mentioned above, Plaintiff wishes for this lawsuit to proceed as a class action.  *Pro se* litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit.  Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").  To the extent Plaintiff brought claims on behalf of a class, those claims fail.

### B.     Sheriff John Staley

Plaintiff named John Staley as a Defendant, but made no allegations against him.  On the contrary, in his Complaint Plaintiff stated that "the Sheriffs" never learn of inmate issues.  (Doc. No. 2 at 7).  Because Plaintiff not only made no factual allegations against Defendant Staley, but represented that Defendant Staley has no knowledge of the issues facing inmates, Plaintiff's allegations against Defendant Staley fail to state a claim on which relief may be granted.

---

[1] Plaintiff is one of 16 individuals who signed the Complaint.  The multi-Plaintiff action was opened as individual cases.

### C. Delayed Mail

Plaintiff alleges inmates' legal and personal mail is "stacking up and not being sorted out." (Doc. No. 2 at 7). Plaintiff has not alleged any restrictions on mail, censorship of mail, etc.—only delay.

Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). It is unclear from Plaintiff's Complaint if the mail to which he refers is privileged legal mail. Because Plaintiff has not alleged the mail in question was mail from his attorney, the Court interprets Plaintiff's claim as falling under the First Amendment, rather than the Sixth Amendment. See Wolff v. McDonnell, 418 U.S. 529, 576-77 (1974).

To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim" Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Plaintiff has not alleged any harm from the purported delay in receiving mail. Accordingly, Plaintiff failed to state a First Amendment claim in connection with his delayed mail.

### D. Grievance Policy

Plaintiff complains that the grievance procedure at the Detention Center is ineffective. (Doc. No. 2 at 6). There is, however, no constitutional right to a grievance procedure. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). As such, no claim lies when a grievance receives no response or yields no result. See Id. Accordingly, Plaintiff's allegations concerning the grievance procedure fail to state a claim.

E. **Conditions of Confinement**

A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Stearns v. Inmate Services Corp., 957 F.3d 902, 907-08 (8th Cir. 2020). As announced in *Bell*, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment from conditions of confinement that amount to punishment. Bell, 441 U.S. at 535. Conditions amount to punishment under *Bell* if the conditions are intentionally punitive, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose. Stearns, 957 F.3d at 907. Mere negligence is insufficient to support a claim under Bell. *Id*. at 908 n.5.

Plaintiff sued under 42 U.S.C. § 1983, which provides a cause of action for a "party injured" by certain unlawful acts of a person acting under the color of state law. 42 U.S.C. § 1983. Generally, "a plaintiff may only assert his own injury in fact and cannot rest his claims to relief on the legal rights or interests of third parties." Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) (citing Warth v. Seldin, 422 U.S. 490, 498-99 (1975)). To establish standing, "plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct." Allen v. Wright, 468 U.S. 737, 751 (1984).

Plaintiff's allegations regarding hygiene products, floor mats, plumbing, and contaminated food (Doc. No. 2 at 6-7) are pled in terms of "we," "inmates," and "us." For example, Plaintiff says "[n]ot having soap or linens is causing us to develop sores from being on the unclean mats" and "[w]e are forced to inhale this gas, making us sick." (Id. at 6). But it is not clear from Plaintiff's Complaint if Plaintiff himself suffered any harm. Without personal injury, Plaintiff's claims cannot proceed. See also 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

5

suffered while in custody without a prior showing of physical injury or the commission of a sexual act.")

### F.   Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; 7) state if he was a pretrial detainee at the time of the incident; and 8) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. V. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

### IV. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form. Upon the filing of the Amended Complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED this 13th day of October, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE